WALLACE *et al. v.* AIKEN *et al.*

BECK, J.   1. The controversy as to ownership of the shore between high-water and low-water marks not involving the question of the permission to build a wharf under Federal statutes, the grant of a license to build a wharf issued by the Secretary of War to one of the rival claimants of land was not admissible in evidence as tending to show title in such claimant.

2. If certain plats and grants from the State which were offered in evidence would have been admissible if accompanied by adminicular proof, under the facts disclosed by this record their rejection constituted no such error as to require a reversal.

3. On the hearing of an application for interlocutory injunction, the presiding judge having denied such injunction in part, and this court having reversed the judgment, and a further hearing having been had upon substantially the same evidence, together with certain additional evidence and amended pleadings, and when this court passed upon the case,·under such facts and under the evidence introduced on the second hearing, which was brought on by a petition to make the judgment of this court the judgment of the court below and grant the injunction which had been denied, there was no abuse of discretion, as against the defendant, in granting the partial injunction which was granted to remain of force until a full determination of the rights of the parties upon the final hearing.   See *Aiken v. Wallace,* 134 Ga. 873 (68 S. E. 937).

*Judgment affirmed.   All the Justices concur.*
                    SEPTEMBER 26, 1911.

Injunction.   Before Judge Conyers.   Glynn superior court. October 15, 1910.

*Crovatt & Whitfield* and *A. D. Gale,* for plaintiffs in error.

*Harry F. Dunwody* and *D. W. Krauss,* contra.